JOHN L. BURRIS, Esq./ State Bar #69888
ADANTE POINTER Esq./State Bar # 236229
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON WONG;

    Plaintiff,

vs.

BAY AREA RAPID TRANSIT DISTRICT
("hereinafter BART"), a municipal corporation;
W. SANCHEZ, in her capacity as Police Officer
for BART; BART police officers DOES 1-25,
inclusive,

    Defendants.

    C11-03646

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**

**JURY TRIAL DEMANDED**

## JURISDICTION

1.    This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland and County of Alameda, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, JASON WONG ("PLAINTIFF"), is and was at all times herein mentioned an ASIAN AMERICAN, and a citizen of the United States residing in the state of California.

3. Defendant BART is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, BART operates the BART Police Department.

4. At all times mentioned herein, Defendant W. SANCHEZ ("DEFENDANT") was employed by Defendant BART as a police officer. She is being sued in her individual capacity and in her official capacity as an officer for BART.

5. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

6. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the BART. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant BART.

7. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has complied with all such requirements.

## STATEMENT OF FACTS

8. The incident began on June 9, 2010 at approximately 5:00 p.m.

9. Mr. Wong was at the West Oakland Bart Station listening to a musical ring-tone on his phone. Officer Sanchez approached him and told him to turn the volume down. Mr. Wong complied.

10. Officer Sanchez then told him to turn it off completely. Mr. Wong complied and left the station.

11. Officer Sanchez approached him while he was outside the station and began striking Mr. Wong with her baton without justification or legal cause.

12. Mr. Wong fled the scene in an effort to avoid being furthered battered but was ultimately detained and/or arrested at gun point a short time later.

13. Mr. Wong sustained multiple physical injuries.

## DAMAGES

14. Plaintiff is further entitled to recover for damages incurred as the result of being assaulted and battered, falsely detained/arrested and/or deprivation without due process of plaintiff's right to liberty, and to any penalties or punitive damages to which plaintiff would be entitled to recover.

15. As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiff has been financially injured.

16. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said individual defendants.

17. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights, and the rights of plaintiff, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant SANCHEZ and DOES 1-10)

18. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, Defendant SANCHEZ and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c. The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e. The right to be free from interference within the zone of privacy, as protected by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants SANCHEZ and DOES 1-10)

20. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 19 of this complaint.

21. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiff. Plaintiff was readily recognizable as Asian American. In engaging in such conduct, defendants violated plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

22. Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7 for punitive damages and for reasonable attorney's fees.

23. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants SANCHEZ and DOES 1-10)

24. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25. The conduct of Defendants and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant BART, violated California Civil Code Section 52.1, in that through the wrongful assault and battery of plaintiff they interfered with plaintiff's exercise and enjoyment of his civil rights.

26. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

27. Since this conduct occurred in the course and scope of their employment, Defendant BART is therefore liable to plaintiff pursuant to respondeat superior.

28. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants SANCHEZ and DOES 1-10)

29. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. Defendants and DOES 1-10, inclusive, placed plaintiff in immediate fear of death and severe bodily harm without any just provocation or cause.

31. These defendants' conduct was neither privileged nor justified under statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against Defendants SANCHEZ and DOES 1-10)

32. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. Defendants SANCHEZ and DOES 1-10, inclusive, falsely imprisoned and arrested Plaintiff without probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any crime.

34. Defendants DOES 1 through 10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as government agents in falsely imprisoning plaintiff without probable cause and in any force used against said plaintiff to effect the false arrest.

35. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Negligence)
(Against Defendants SANCHEZ and DOES 1-10)

36. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 35 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

37. At all times herein mentioned, Defendants SANCHEZ and DOES 1 through 10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein thereby breaching the duty owed. Pursuant to Government Code Section 815.2(a), Defendant BART is vicariously liable to Plaintiff for the injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

38. As a proximate result of Defendants' negligent conduct, Plaintiff suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

39. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief;

///
///
///
///

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES 7

6.  For cost of suit herein incurred; and

7.  For such other and further relief as the Court deems just and proper.

Dated: July 25, 2011                    **THE LAW OFFICES OF JOHN L. BURRIS**

                                        _____
                                        John L. Burris
                                        Attorneys for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    8